CASE 99—AGREED CASE—MAY 19.

# Commonwealth, by Attorney-General, v. Addams, Clerk.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. CONSTITUTIONAL LAW—POWER OF LEGISLATURE TO CHANGE COMPENSATION OF OFFICER DURING HIS TERM.—Under the present Constitution of this State the Legislature has no power to change the compensation of an officer during his term of office, whether he be a salaried officer or paid by fees. Therefore the act of June, 1893, requiring the clerk of the Court of Appeals to pay into the State Treasury all fees received by him after retaining, as a salary for himself, four thousand dollars, and after paying his assistants or deputies, can not, even if otherwise constitutional, apply to the present clerk, who was in office at the time of the passage of the act, and even prior

Commonwealth, by Attorney-General, v. Addams, Clerk.

to the adoption of the present Constitution, which continued him in office during the term for which he was elected, which has not yet expired.

2. The Legislature can not delegate to another department of the Government its power to make laws, and therefore the act in question here is unconstitutional in that it attempts to delegate to this court the power to fix the salaries of the deputies of the clerk of this court, which section 246 of the Constitution provides shall be fixed "by law."

W. J. HENDRICK, Attorney-General, for appellant.

THOMAS H. HINES for appellee.

JUDGE PRYOR delivered the opinion of the court.

A. Addams, the present clerk of the Court of Appeals, was in office and in the discharge of his duties prior to the adoption of the present Constitution.

In the month of June, 1893, the Legislature passed an act requiring the clerk to report to the auditor all fees received by him, and after retaining for himself as a salary four thousand dollars, and after paying his assistants or deputies and all expenses of the office, the balance remaining to be paid to the auditor for the State. A heavy penalty is imposed on the clerk for failing to comply with the provisions of the act. There is a further provision to the effect that the salaries of the clerk's deputies shall be fixed by the Court of Appeals. The clerk it seems has made no report of the proceeds of his office, on the ground the law has no application to his term of office, and, if so, is unconstitutional. Under the former Constitution it was held that the fees of officers, created by law or by the Constitution as distinguished from salaried officers, were, at any time, subject to legislative control, and could be increased or diminished at the will of the law-making power.

Under the present Constitution the Legislature is not

only prohibited from changing the salaries of public officers, so as to affect those in office during their terms, but by section 161 of the Constitution it is provided: "The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office," etc. So, by these express provisions of the organic law, it was evidently intended to prevent any interference with the salary or compensation of a public officer during his term of office.

While the office of clerk of the Court of Appeals is not expressly mentioned, it is an office not only recognized by the Constitution, but by section 120 it is expressly provided: "The present clerk of the Court of Appeals shall serve until the expiration of the term for which he was elected, and until his successor is elected and qualified;" and, therefore, it follows that the office of clerk of Court of Appeals must, so far as the compensation is concerned, fall within the spirit and meaning of the provisions of the Constitution preventing legislative interference with the compensation during the term of office.

There has been no change made as to the duties of the office, or in its creation or organization, by the present Constitution, as would necessarily require or authorize the conclusion its framers intended the compensation should be increased or diminished, but, on the contrary, in looking to the debates on this subject had in the convention, those favoring the reduction of compensation and salaries to public officials, and mentioning especially the office of clerk of the Court of Appeals, disclaimed any purpose of interfering with the compensation of the present incumbent. (Debates in Convention, vol. 3, 4202, 4203, 4236.)

The clerk had, as they doubtless knew, employed his deputies and contracted for their services during his term of office; and there is, therefore, no reason for departing from the entire spirit and meaning of the present Constitution and adopting the judicial interpretation given the former instrument, by which the compensation of officials could be changed at any time the Legislature might deem proper.    The right of the Legislature to regulate the fees of the person succeeding the present clerk, after his term expires and before his successor is elected and qualified, is unquestioned, and the act before us would be construed as intended to affect his successor, if otherwise constitutional.

Section 246 of the Constitution provides : " No public officer, except the Governor, shall receive more than five thousand dollars per annum as compensation for official services, independent of legally authorized deputies and assistants, which *shall be fixed and provided for by law.* The General Assembly shall provide for the enforcement of this section by suitable penalties, one of which shall be forfeiture of office by any person violating its provisions." Whether or not the principal would forfeit his office by reason of his having a deputy whose salary is not fixed by law is not necessary to be decided, but the framers of the Constitution evidently designed to enforce compliance with this section by imposing heavy penalties for its violation.    If the deputy is paid by the principal out of what the former obtained for compensation, or from his own pocket, we see no reason for complaint by any one, or that it would violate this provision of the Constitution.

The Legislature, by its present enactment, has conferred the power on this court to fix the salaries of the clerk's

deputies, when it is plainly required that a law should be enacted fixing the sum. to which they are entitled. The attempt to confer such a power takes from the legislative department of the State the responsibility of fixing compensation for a certain class of officials, and places it upon the judiciary. The Constitution requiring the compensation to be provided for by law, means that the Legislature, to which belongs the sole power of making laws, shall regulate this compensation, and that branch of the Government has no power to delegate this right to another branch by making the judiciary the agent for fixing salaries or compensation for State officials. A law is not a complete law, when it is nothing more than a delegated power attempted to be given by the Legislature to some other department of the Government to make the law. The law is not enacted and this court asked to approve it, but we are required to fix the compensation.

The sole power to make laws is confided to the Legislature, and in this case that body has surrendered its own judgment to that of this court, in fixing these salaries, saying in effect that with the exercise of your judgment we will be satisfied. This can not be done, and this court, recognizing the wisdom of requiring each department of the Government to act within its own sphere, would, necessarily, refuse to comply with the legislative will if the act applied to the present clerk of the court.

It could not be carried into effect if it did apply, as there is no salary fixed by law for his deputies or assistants.

The court below having adopted this view of the point raised the judgment is affirmed.