**414**

James A. FAWBUSH, Appellant,

v.

Fred W. BOND, Judge, Shelby District Court, Appellee.

Supreme Court of Kentucky.

March 13, 1981.

H. B. Kinsolving, III, Shelbyville, for appellant.

Fred W. Bond, pro se, Judge, Shelby District Court.

Steven L. Beshear, Atty. Gen., Charles W. Runyan, Asst. Deputy Atty. Gen., Frankfort, brief amicus curiae of the Attorney General.

Gregg Neal, Neal, Stewart & Davis, Shelbyville, brief amicus curiae for Marc Rucker, Individually and as Chairman of the Republican Executive Committee.

OPINION AND ORDER

PALMORE, Chief Justice.

This case involves the reapportionment of the magisterial districts of Shelby County pursuant to KRS 67.045. It is our opinion that the statute is invalid and that no redistricting can be effected according to its provisions.

KRS 67.045 was enacted as Ch. 201, Acts of 1978, effective March 30, 1978. It replaced KRS 25.680–700, incl., which had been repealed as of January 2, 1978, by Ch. 14, Sec. 491, Acts of 1976 (Special Session). The essential difference between the old and new statutes is that under KRS 67.045 the vital function of passing upon the proposed redistricting and, more importantly, establishing new boundaries in the event the proposal is disapproved, is delegated to the district court, whereas formerly it was a prerogative of the county court.

Proceedings under KRS 67.045 were initiated in 1979 by the county judge-executive. Commissioners appointed by him made a report recommending new boundaries. Exceptions were filed by various citizens, following which the judge of the District Court for Shelby County, by an order entered on September 11, 1979, rejected the proposal and directed that it be "either resubmitted to the original committee or a new committee for more study . . . with the further suggestion that the 1980 census figures be used as a guide."

Evidently no further progress was made until January of 1981, when the Shelby County Republican Executive Committee, acting through its chairman, filed in the Circuit Court for Shelby County a petition

for mandamus directing Hon. Fred W. Bond, Judge of the District Court for Shelby County, to effect a redistricting of the county in compliance with the provision of KRS 67.045(4) to the effect that upon the trial of exceptions to a redistricting plan submitted by commissioners acting through appointment of the county judge-executive "the [district] court shall dispose of the exceptions and, by order entered of record, *establish the boundaries of the districts.*" (Emphasis added.)

To make a long story short, the circuit court granted mandamus and ordered the district judge to comply with the statute, which was done. Shortly thereafter Fawbush, the appellant here, proceeded by appeal from the district court and by original action in the circuit court, contesting the validity of the redistricting on the ground that it had not been accomplished prior to the 120-day period next preceding May 26, 1981, primary election day. His appeal from an adverse judgment has been transferred to this court.

It is elementary that Const. Sec. 27 forbids one branch of government from performing functions belonging to another. *American Beauty Homes Corp. v. Louisville, etc.,* Ky., 379 S.W.2d 450, 453 (1964). We can think of no act of government that is more legislative in character than the fixing of boundaries for electoral purposes. Only in the most extreme instance of a persistent failure or refusal by the constituted legislative authority to do it could a court of law enter the political thicket for the necessary protection of constitutional rights guaranteed to the citizenry.

In *American Beauty* we held that in zoning cases the court may review administrative decisions for arbitrariness, but not for the purpose of substituting a judicial choice for the discretionary administrative determination that is being reviewed. As in the instance of zoning, the establishment of boundaries for magisterial districts clearly falls within the area of legislative discretion and cannot be delegated to a judicial officer or body.

Though we doubt that the General Assembly, in the haste and turmoil of its 1976 Special Session, consciously intended to enlarge the jurisdiction of the district court beyond what it had provided in KRS Chapter 24A (Ch. 28, Acts of 1976, Special Session), we do not question its authority to invest in that court the jurisdiction to review a reapportionment proposal for compliance with statutory guidelines. This statute, however, KRS 67.045, provides no criteria whatever for such a review. Perhaps it could be construed to mean that the review is confined to determining whether the proposed boundaries have been so drawn that the populations of the respective districts are "as nearly equal as is reasonably possible," cf. KRS 67.045(1), but that would restrict the exceptions by the citizens to the same single point, omitting other important factors relevant to a rational apportionment. In any event, the power to draw new lines absolutely cannot be delegated by statute to a court of law, and for that reason this statute is void.

We recognize, though it is not a matter of record here, that the existing boundaries of the magisterial districts in Shelby County may be such that unconstitutional inequities exist. If so, a court of general jurisdiction has the power to do what is necessary in an appropriate proceeding. Cf. *Reynolds v. Sims,* 377 U.S. 533, 585–587, 84 S.Ct. 1362, 1393–1394, 12 L.Ed.2d 506 (1964); *Connor v. Finch,* 431 U.S. 407, 413–415, 97 S.Ct. 1828, 1832–1834, 52 L.Ed.2d 465 (1977).

This opinion shall have prospective effect only, and shall not affect any redistricting that may have been completed heretofore in other counties pursuant to KRS 67.045 and which were not in litigation on February 17, 1981, the date on which the appeal was taken in this proceeding. Cf. *Payne v. City of Covington,* 276 Ky. 380, 123 S.W.2d 1045, 1057 (1932).

The judgment is reversed with directions that the redistricting order entered by the district court on January 26, 1981, be set aside as void.

Full court sitting.

All concur.