James M. VAUGHN, Jefferson County Sheriff, Commonwealth of Kentucky, Appellant,

v.

Thomas KNOPF, Chief Judge, Jefferson Circuit Court, et al., Appellees.

No. 94–SC–150–DG.

Supreme Court of Kentucky.

March 23, 1995.

Frank F. Chuppe, Byron Edward Leet, Gregory S. Berman, Wyatt, Tarrant & Combs, Louisville, for appellant.

V. Lynne Schroering, Asst. Atty. Gen., Frankfort, N. Scott Lilly, Asst. County Atty., Louisville, for appellee.

Culver V. Halliday, Samuel D. Hinkle, Stoll, Keenon & Park, Louisville, Julius Rather, Lexington, for amicus curiae.

STEPHENS, Chief Justice.

The issue we decide on this appeal is whether subsections (2) and (5) of KRS 64.345, which direct that the Chief Circuit Judge of counties containing cities of the first class and urban county governments approve certain budget elements of the sheriff in those government entities, violate the Kentucky Constitution provisions that create a separation of powers shield in the Commonwealth.

We have no difficulty in determining that these statutory provisions do violate both Sections 27 and 28 of our Constitution. We thereby affirm the circuit court and the Court of Appeals.

Pursuant to advice given Sheriff Greene, who is movant's predecessor, by the Attorney General of Kentucky, Sheriff Greene filed a declaratory judgment action in the Jefferson Circuit Court, seeking a determination of the constitutionality of these two sections of this statute. Hardin Circuit Judge William Cooper, acting as special judge, declared the statute unconstitutional as it was in violation of the separation of powers doctrine. In its opinion the trial court stated "the statutory provisions in question violate sections 27 and 28 of the Constitution, not because they purport to delegate a legislative function to another branch of government, but because that delegation constitutes an unreasonable interference with the function of the judicial department." The trial court also concluded the statute unconstitutional since it "clearly indicates that the authority thereby attempted to be delegated is discretionary, not ministerial, in nature."

On appeal, the Court of Appeals disagreed with the trial court's reasoning, but agreed with its result. The Court of Appeals concluded that the delegation of the duty to the Chief Circuit Judge to approve the sheriff's budget was improper since it contained "in-

adequate standards" by which the judge should make the decision. The Court of Appeals based its reasoning upon this Court's more recent opinions addressing the delegation of legislative authority to an administrative agency that inquire as to the sufficiency of standards set forth to guide and control decisions made under this authority. *See Holsclaw v. Stephens,* Ky., 507 S.W.2d 462 (1974); *Legislative Research Commission v. Brown,* Ky., 664 S.W.2d 907 (1984). The Court of Appeals also stated that "in 1993 good government policy [does not] favor the delegation of such legislative authority to the Chief Circuit Judge." For obvious reasons, we granted discretionary review.

On this appeal, movant argues that the Court of Appeals, *in effect,* overruled a longstanding precedent of this Court which declared that similar statutes are not violative of the separation of powers doctrine; that the statute in question is not an unconstitutional delegation of executive authority to the judiciary; and, finally that the statute should not be struck down on "policy" grounds.

Since we believe that this statute is a clear cut violation of Ky. Const. Sections 27 and 28 because it mandates that a judicial officer perform what is clearly a function of the executive branch of government, we need only discuss the separation of powers issue.

The pertinent part of this challenged statute is as follows:

(2) In counties containing a city of the first class and in counties having an urban-county form of government, the amount, if any, allowed for the necessary office expenses of each officer shall be fixed by an order entered upon the order book of the Circuit Court, and signed by the Chief Judge thereof....

. . . .

(5) In counties containing a city of the first class and in counties having an urban-county form of government, the number of deputies and assistants allowed to each officer and the compensation allowed to each deputy and assistant shall be fixed at reasonable amounts upon motion of each officer by an order entered upon the order book of the Circuit Court and signed by the Chief Judge thereof....

As can be discerned from a reading of sections (2) and (5), the General Assembly has mandated, in counties containing cities of the first class and in counties containing an urban county government, that the Chief Circuit Judge shall approve, by an appropriate order, the expenses of the county clerk and the sheriff. KRS 64.345(2). Moreover, the Chief Circuit Judge is also directed to approve the *number* of deputies and assistants and shall fix the "reasonable" compensation for such assistants. KRS 64.345(5).

The practical effect of this statute is to create an intolerable mischief maker. The statute effectively transfers what is, without *cavil,* a non-judicial function to a judicial officer. The two Chief Judges affected by this legislation are located in Jefferson County and Fayette County, the two counties having the largest number of cases filed in the Commonwealth. The Chief Judge, in each of those counties, not only has substantial judicial duties, but also has many judicially-related administrative duties. The knowledge and time required of each judge to study the administrative needs of each individual sheriff's office, in addition to his own administrative duties, would require an inordinate amount of his time before he could reach a well-reasoned decision.

In acting on these annual budget requests, the judges would, *per se,* be injected into the political side of the executive branch offices. One can only imagine the extreme pressures that would be applied to the judge to approve (or disapprove) personnel and salary requests. Job seekers and job holders would be, every year, spending much time arguing non-judicial "cases" with the judges. The judges would easily be sued for decisions made, and much judicial time and resources would be consumed thereby.

Judges are elected to do judicial work. In this society in which we live, that work alone is demanding of the judge's time, thought processes, and energy. The legislature's mandate would further burden them with work which is time consuming, political, and more importantly, non-judicial, which is not acceptable.

Having given our view as to the nature and effect of the legislative assignment, we need consider the applicable law.

The Kentucky Constitution in Sections 27 and 28 divides governmental authority among the three branches of government and provides:

> The powers of the government of the Commonwealth of Kentucky shall be divided into three distinct departments, and each of them be confined to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another.

Ky. Const. § 27.

> No person or collection of persons, being of one of those departments, shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted.

Ky. Const. § 28.

In the case of *Fawbush v. Bond,* Ky., 613 S.W.2d 414 (1981), we addressed a statute which delegated to the local district court the function, in a non-judicial sense, of passing upon the redistricting and establishment of new boundaries for county magisterial districts. KRS 67.045. That function had formerly been the responsibility of the county court. Appellee, a district judge, was ordered by a circuit court mandamus to establish new boundaries in Shelby County.

> Applying Section 27, we said,
> It is elementary that Const. Sec. 27 forbids one branch of government from performing functions belonging to another. . . .
> We can think of no act of government that is more legislative in character than the fixing of boundaries for electoral purposes. . . .

*Fawbush,* 613 S.W.2d at 415 (citations omitted).

We concur with this analysis and would add that the assignment to a judge, of making/approving executive branch budgets, is equally and exclusively executive in nature. This statutory enactment by the legislature directing the judicial branch to perform a function that is granted by the constitution to the executive branch, is therefore, constitu-

tionally defective because of a separation of powers violation.

More recently, we re-examined, re-stated, and re-emphasized the doctrine of separation of powers in the case of *Legislative Research Commission v. Brown,* Ky., 664 S.W.2d 907 (1984). In this opinion, we re-confirm the principles set out in *Brown* with respect to the historic doctrine of separation of powers. We said:

> [O]ur present constitution contains explicit provisions which, on one hand, *mandate* separation among the three branches of government, and on the other hand, specifically *prohibit* incursion of one branch into the powers and functions of the others. Thus, our constitution has a double-barreled, positive-negative approach.

*Id.* at 912 (emphasis added).

In spite of a persuasive argument to the contrary, we put our strong endorsement on the strict construction of this constitutionally mandated doctrine.

> Moreover, it has been our view, in interpreting Section 27 and 28, that the separation of powers is fundamental to Kentucky's tripartite system of government and must be "strictly construed."

*Id.* (quoting *Arnett v. Meredith,* 275 Ky. 223, 121 S.W.2d 36, 38 (1938)). We will not unduly lengthen this opinion with extreme quotations from *Brown,* but we do emphasize that we re-affirm the reasons that appear in that case as they relate to the doctrine of separation of powers.

We do, however, choose to address Movant's assertion that this Court's decisions addressing the delegation of constitutional authority routinely hold that delegations from one branch to another branch are generally acceptable. Movant has suggested that our decision in *Brown* is merely an exception to this general approach, distinguishing *Brown* as a different situation due to the extent of the authority delegated to the Legislative Research Commission in that fact situation. This Court, however, cannot agree with this reading of *Brown.*

In *Brown* we referred to the following language from *Holsclaw v. Stephens:*

[W]hen we say that the legislature may not delegate its powers, *we mean that it may not delegate the exercise of its discretion as to what the law shall be,* but not that it may not confer discretion in the administration of the law itself ... Generally speaking a delegation of discretion [in administration] is not unlawful if sufficient standards controlling the exercise of that discretion are found in the act....

*Holsclaw v. Stephens,* Ky., 507 S.W.2d 462, 471 (1974) (emphasis added).

This language does not necessarily stand for the proposition that a statutorily based shifting of constitutionally granted authority from one branch of government to another branch is generally acceptable. First, the transfer of the proper functions of one department to another is precisely what the separation of powers shield is intended to prevent. Second, where this Court has found "delegations" to be acceptable, the authority in question is not that which is inherent to the constitutional grant to each individual department. This was the issue in *Brown* where we held that the legislature could not delegate its authority to *make* laws as this power is solely and exclusively legislative in nature. We stated that "any delegation of legislative power, to be lawful, must not include the exercise of discretion as to what the law shall be." *Brown,* 664 S.W.2d at 915.

When this court finds a delegation of authority to be acceptable, it is reviewing a situation where the authority in question is not one that is exclusively legislative, judicial or executive in nature. Rather, it is a delegation of authority that *has not necessarily* been assigned exclusively by the constitution to a particular department. Further, because administrative agencies often include legislative, judicial, and executive functions, delegations to these types of agencies are of a different nature than the case we review today.

The facts presented today are not questioning a delegation to an administrative arm of a branch of government. Rather, the facts reflect a clear incursion into the powers of the judiciary. The authority to review budgets and fix compensation in this case is clearly executive in nature. To place this authority in the hands of the judiciary is a constitutional violation and an unreasonable interference with the function of the judiciary.

Because we believe, as expressed, *supra,* that the statute in question is so fraught with danger to the judicial system, and because the function assigned is so clear within the expertise and function of the executive branch of government, we decline to extend comity to the General Assembly in this situation.

Finally, movants remind us of two cases which, arguably, are precedent to uphold the constitutionality of this statute.

In *Stone v. Wilson,* 19 Ky.L.Rep. 126, 39 S.W. 49 (1897) a Kentucky statute, relating to salaries of county offices, provided that judges of the county courts "shall" fix the salaries of the deputies and assistants employed by such offices, was held *not unconstitutional* as a delegation of legislative power to a judicial tribunal.

In responding to the argument that the statute was an improper delegation of legislative power, the Court said, "as there is no provision of the constitution in terms prohibiting, nor reason why the latter made should be prohibited, we are not authorized to hold the section, on that account, invalid." *Wilson,* 39 S.W. at 51.

In overruling a prior case that held to the contrary, *Commonwealth v. Addams,* 95 Ky. 588, 26 S.W. 581 (1894), the Court said that the holding of the *Addams* case "was not necessary to a decision of the case, and should not be regarded as authority." *Id.* 39 S.W. at 51.

Moreover, the Court stated that the local "court" has an "excellent opportunity to know the number of deputies needed, and what would be just and proper salaries of such deputies...." *Id.* 39 S.W. at 51.

It is significant that the *Wilson* Court omitted any mention of Sections 27 and 28 of our Constitution, and dismissed the reasoning of the *Addams* case by declaring it to be dictum. No attack was made on the *reasoning* of the *Addams* court.

In the case of *Winston v. Stone,* 102 Ky. 423, 43 S.W. 397 (1897), our Court, speaking through the author of *Wilson,* made a similar ruling nearly ten months later. Ky. Statute 1762 provided that the circuit judges and county court judges shall regulate and fix the number and compensation allowed to certain county offices and the amount allowed for office expansion.

In answering the argument that the delegation of legislative power to "another tribunal"—the two courts mentioned—was unconstitutional, this Court, not surprisingly, relied on its decision in *Wilson.* Again, no reference was made to Ky. Const. Sec. 27 and 28.

Since *Winston* relies on *Wilson,* we must consider whether to follow the precedent in that case.

This Court is well aware of the doctrine of *stare decisis.* As we said in *D & W Auto Supply v. Department of Revenue,* Ky., 602 S.W.2d 420 (1980):

> The maxim is "Stare decisis et non quieta movere," which simply suggests that we stand by precedents and not disturb settled points of law. Yet, *this rule is not inflexible, nor is it of such a notion as to require perpetuation of error or illogic.*
>
> > The force of the rule depends upon the nature of the question to be decided and the extent of the disturbance of rights and practices which a change in the interpretation of the law or the course of judicial opinions may create. Cogent considerations are whether there is clear error and urgent reasons "for neither justice nor wisdom requires a court to go from one doubtful rule to another," and whether or not the evils of the principle that has been followed will be more injurious than can possibly result from a change.
>
> Certainly, *when a theory supporting a rule of law is not grounded on facts, or upon sound logic,* or is unjust, or has been discredited by actual experience, it should be discarded, and with it the rule it supports.

*Id.* at 424 (emphasis added) (quoting *Daniel's Adm'r v. Hoofnel,* 287 Ky. 834, 155 S.W.2d 469, 471 (1941)).

Was *Wilson* grounded upon sound logic? Was it based on facts? Was it logical?

As noted, the Court, in 1897, stated that the county court had an "excellent" opportunity to know the number of deputies needed and what was a just and reasonable compensation for them. In 1897—maybe! In 1995—absolutely not! Particularly in Jefferson and Fayette County, where literally hundreds of deputies are involved, and where hundreds of thousands of the public dollars are involved. It also strains (even breaks) credibility to say that a judge could know their personnel needs, not to mention the "expense" of operating the office.

As noted, the relevant and controlling sections of the constitution were not mentioned in the opinion. The Court referred to a "delegation" of power—not separation of powers. That is, as we have said, the sole issue in this case. Did the legislative assignment to the Chief Circuit Judge constitute a violation of the separation of powers? As previously stated, we believe it did. The two affected judges have been injected—by the statute—into the non-judicial, purely executive function for which they have not the training or the time. Logic dictates that, under Sections 27 and 28, and for its historical purpose, *Wilson* is in error.

Moreover, since 1975, when the people of the Commonwealth reformed the state's judicial system—by adopting the new judicial article—the judiciary has been unified, the jurisdiction of all judges is now statewide, it has become more professional, it is less political, and the focus of the judiciary to *judge,* to decide legal issues. With the shining goal of the new system, the application of Ky. Constitution Sections 27 and 28, the separation of powers, has become even more important.

When one considers all these factors—it is clear that *Stone v. Wilson,* and *Winston v. Stone* should be, and they are hereby, overruled.

The decision of the trial court and the Court of Appeals is affirmed.

All concur.

WELCH, Special Justice, sitting.

STUMBO, J., not sitting.