Steve FUGATE, Appellant,

v.

Redonna FUGATE, Appellee.

No. 93–CA–001955–MR.

Court of Appeals of Kentucky.

April 21, 1995.

Nancy M. Collins, Hazard, for appellant.

Jane F. Murray, Hazard, for appellee.

Before EMBERTON, MILLER and SCHRODER, JJ.

EMBERTON, Judge.

The appellant, Steve Fugate, appeals from an order of the trial court denying his motion to modify a custody decree. We decline to address the issues raised by the appellant concerning the sufficiency of the evidence to support the order. Instead, we are compelled to remand this case for an order referring it to the Cabinet for Human Resources.

Steve and Redonna were divorced in September 1992, and, pursuant to an agreement of the parties, Redonna was awarded custody of the parties' four-year-old daughter. On March 9, 1993, Steve filed a motion to modify the custody decree. The motion was supported by two affidavits, his own and that of his mother, Kathy Fugate (grandmother). It was alleged that Redonna was pregnant as result of cohabiting with a man to which she was not married. Further, it was alleged that the child resided with the couple in a one-bedroom apartment which contained no bed for the child. The location of the apartment was said to be in an area close to bars and other adult establishments. Equally as troublesome, was the allegation that on three occasions the child had visible bruises.

Based on the affidavits, the trial court conducted a hearing. The only evidence presented was that of lay witnesses and photographs showing bruises on the child's buttocks and back area. Steve, Redonna, and the grandmother all testified that the child had bruises on several different occasions. No one, however, either prior to the initiation of the present proceeding, or during its pendency, notified CHR or any authorities of possible abuse. Although the grandmother testified that she took the child to a physician on one occasion after she noticed considerable bruising, no report was made to proper authorities. The physician did not testify at the hearing. In addition, there was a cigarette burn on the child which the grandmother maintains was the result of an accident. The gist of all testimony was that the child admittedly had bruises, but it was a swearing contest as to who caused them.

In addition to the indications of physical abuse, there was testimony that the child's living arrangements were not adequate. Although Redonna has moved since the initiation of the present proceeding, there was testimony that the child has lived in a one-bedroom apartment with a man and her mother in close proximity to adult establishments. The grandmother testified that there was only one bed in the apartment. Redon-

na denied that the child did not have a bed of her own, but admitted that she lived with a man and that she is now pregnant by him. There has been no investigation by any state authority into the child's present living arrangements.

There was also testimony that Redonna was seen unclothed from the waist up while with a man in the back of a vehicle while the child was in the front seat. Other testimony included descriptions of violence between Steve and Redonna, and of Steve's alleged drug use. Steve did submit the results of a drug test which were negative.

■ We are disturbed by this case because, although we believe the trial court was correct in holding that there was not sufficient evidence presented to warrant a modification of the custody decree, there remain unanswered questions which affect the well-being of this child. Our conscience and the law require that in cases involving alleged abuse of children, and where there is reason to believe such abuse has occurred, a trial court must take an active role in assuring that the child's physical and emotional well-being have been protected. Despite that everyone involved has noticed abuse of this child, there was no investigation by the Cabinet for Human Resources. For this court to simply ignore the well-being of the child because the parties and the system have failed to discern the origin of the abuse would be socially irresponsible. Equally compelling, we believe it is contrary to Kentucky Revised Statute (KRS) 620.030(1) which provides, in part:

Any person who knows or has reasonable cause to believe that a child is dependent, neglected or abused shall immediately cause an oral or written report to be made to a local law enforcement agency or the Kentucky state police; the cabinet or its designated representative; the commonwealth's attorney or the county attorney; by telephone or otherwise....

In reviewing the statute we find nothing that exempts a trial judge of the duty to report dependency, neglect, or abuse. Indeed it further states that, "[n]othing in this section shall relieve individuals from their obligations to report." *Id.*

■ We realize that our holding appears burdensome to trial courts and adds another obligation to their duties. However, so that our opinion is not misunderstood, a trial court is required to report suspected abuse or neglect only when it has reason to believe that such has occurred and where, as here, the proper authorities or investigating agency have not been notified. In this case, the trial court ordered a hearing on a motion to modify a custody decree, made within two years of the original decree, on the basis of affidavits alleging inadequate living conditions and physical abuse. Thus, it was necessary that the court determine whether it had "reason to believe the child's present environment may endanger seriously his physical, moral or emotional health." KRS 403.340.

The testimony at the hearing, while not clear and convincing of the violation, was undisputed that a four-year-old child had unexplained bruises on or about her buttocks on several occasions, and on another occasion that she had been burned with a cigarette. There was also persuasive testimony that Redonna had sexual relations in front of the child and that her living conditions were far less than adequate. Although the evidence may not be sufficient to modify the custody decree, there is ample reason to suspect the child has been abused. We hold that under such facts the trial court is obligated, as would be any citizen with such knowledge, to report the case pursuant to KRS 620.030. It may be that after sufficient investigation the proper custodian is Redonna, or that the evidence is inconclusive; but, at least, the system will have taken those steps within its power to protect the child.

This case is reversed and remanded for proceedings consistent with this opinion.

SCHRODER, J., concurs.

MILLER, J., concurs in result.