Darrell T. OWENS and Carol
Lumpkins, Appellants,

v.

JEFFERSON COUNTY FISCAL
COURT and Hon. Rebecca
Jackson, Appellees.

No. 2002–CA–001209–MR.

Court of Appeals of Kentucky.

Feb. 20, 2004.

David A. Friedman, Louisville, KY, for appellants.

Irvin G. Maze, N. Scott Lilly, Sheryl G. Snyder, David S. Kaplan, Louisville, KY, for appellees.

Before COMBS, DYCHE, and JOHNSON, Judges.

## OPINION

COMBS, Judge.

Darrell Owens, an elected Commissioner of the former Jefferson County Fiscal Court, and Carol Lumpkins, a registered voter residing in Jefferson County, appeal from the Opinion and Order of the Jefferson Circuit Court dismissing their complaint that challenged the constitutionality of KRS [1] 67C.135(3). They argue that the

1. Kentucky Revised Statutes.

statute, which relates to the creation of legislative districts upon consolidation of county and city governments, violates the doctrine of separation of powers in the Kentucky Constitution and the prohibition against arbitrary power in Section 2 of the Constitution.

The appellees, Jefferson County Fiscal Court and Rebecca Jackson, argue that the circuit court correctly analyzed and adjudicated the constitutional issues. Additionally, they claim that those issues are now moot because KRS 67C.135(3) concerned the **initial** creation of legislative districts, an event that has already occurred and has long since been completed in Jefferson County. The district map drawn pursuant to the statute has been approved; the council members representing the citizens of those districts have been elected, have taken office, and have undertaken the business of governing the new Louisville Metro Government.

While the issues appear to be moot with respect to the consolidation of the city and county governments in Jefferson County, a remedy—however unwieldy—could be fashioned to address the alleged constitutional deficiency. Additionally, it remains within the realm of possibility that another city in the Commonwealth may achieve first-class status and seek to merge with the government of the county in which it is situated. Therefore, we have elected to review the record in order to address the merits of the appeal. Finding no error in the decision of the circuit court, we affirm.

Pursuant to enabling legislation, the voters of Jefferson County in November 2000 approved the merger of the governing bodies of the City of Louisville and Jefferson County into a single government. KRS

67C.101(1). The legislative authority of the new government was vested in a council comprised of one member elected from each of twenty-six legislative districts. KRS 67C.103(1). The statute at issue describes the manner in which the boundaries of the new districts were to be determined. KRS 67C.135(2) provides that the initial boundaries were to be drawn "by representatives of a department of geography from the largest public university" in the county. In performing that task, the geographers were directed to create districts that were "compact and contiguous" and as equal in population as "reasonably possible." KRS 67C.135(4). Subsection (3) of the statute requires the members of the fiscal court to approve the plan developed by the geographers "as submitted and without amendment." Additional fine-tuning of the districts—a task to take place no less frequently than every ten years—was assigned to the new government. KRS 67C.135(5).

Accordingly, the Jefferson County Fiscal Court selected Dr. William Dakan, a geography professor at the University of Louisville qualifying as an expert in redistricting, to divide the county into legislative districts. After soliciting public comment, Dr. Daken submitted his proposal to the fiscal court on July 10, 2001.

On July 23, 2001, the appellants filed their complaint seeking a declaration that KRS 67C.135(3) is unconstitutional. They argued that the statute violates the separation of powers provisions of Sections 27, 28, and 29 of the Kentucky Constitution because it delegates a "core legislative function to a non-governmental entity" and because it has deprived the members of fiscal court of "their right and duty to exercise legislative judgment and discretion." In addition to declaratory relief, the appellants moved for a restraining order and for a temporary injunction to enjoin the fiscal court from approving Dr. Dakan's plan. The Jefferson Circuit Court denied their motions on July 24, 2001. A request for interlocutory relief in this Court was denied on August 7, 2001.

The fiscal court then voted to approve the legislative district map for the merged government as mandated by KRS 67C.135(3). Despite their unsuccessful attempt to prevent the initial approval of the plan, Owens and Lumpkins persevered in their lawsuit by moving for a judgment on the pleadings. The fiscal court countered with its own motion for summary judgment. The motion of the fiscal court was granted, and the complaint was dismissed on May 2, 2002. This appeal followed.

In upholding the constitutionality of the statute, the circuit court held: (1) that there was no improper delegation of authority to employees of the University of Louisville; (2) that the statute set adequate standards for creating the districts; and (3) that the Legislature had the authority to mandate fiscal court approval of the map without amendment.

The appellants have continued to challenge the Legislature's delegation of the task of drawing the actual district boundaries to employees of the local university. They contend that the General Assembly improperly "delegated nearly unbridled discretion" to those assigned the task of drawing the district map. (Appellants' brief, p. 5.) They ask that the statute be stricken for failing to set forth "substantial guidelines or procedural safeguards" in setting the new boundaries. *Id.* On the contrary, the appellees contend that the statute sufficiently restrains the map maker and that the Legislature acted reasonably in "finding that the task [of initial redistricting] was best carried out by disinterested experts, as opposed to lame duck elected officials." (Appellees' brief, p. 13.)

In support of their argument that the delegation was improper, the appellants rely on *Fawbush v. Bond,* Ky., 613 S.W.2d 414 (1981), and on *Miller v. Covington Development Authority,* Ky., 539 S.W.2d 1 (1976). The court in *Fawbush* invalidated KRS 67.045, holding as follows:

> We can think of no act of government that is more legislative in character than the fixing of boundaries for electoral purposes.

613 S.W.2d at 415. In *Miller,* the Court reiterated, "[A] legislative body should not and ordinarily cannot divest itself of a legislative power." 539 S.W.2d at 3.

■ However, while the Legislature may not delegate its power to make a law, it can delegate authority "to implement a law." *Legislative Research Commission v. Brown,* Ky., 664 S.W.2d 907, 915 (1984). A legislative delegation of authority is reasonable—and thus constitutional—as long as the Legislature sets "standards controlling the exercise" of discretion and retains the "right to withdraw the delegation." *Id.* Because the authority delegated is restricted to drawing the initial boundaries, it is automatically terminated upon completion. Thus, the only question that remains is whether the statute provides sufficiently specific guidance to the geographers in carving the county into 26 districts.

The delegation problems manifested in both *Fawbush* and *Miller* are not present in KRS 67C.135. When it invalidated KRS 67.045 (a statute delegating to a district court the responsibility of approving redistricting plans and establishing boundaries for county magisterial districts), the *Fawbush* court observed that the statute contained "no criteria whatsoever." 613 S.W.2d at 415. Similarly, in *Miller,* the court invalidated legislation designed to encourage urban revitalization because it lacked sufficient criteria for determining the boundaries of the city to receive the benefits of the scheme. 539 S.W.2d at 4.

■ In contrast, and as the circuit court correctly determined, KRS 67C.135 is not deficient in providing adequate guidance for the creation of the legislative districts. Indeed, the appellants themselves acknowledge that the statute's provisions that the districts be compact, contiguous, and equal in population meet all of the federal and state constitutional requisites for apportionment. Thus, while the Legislature could have instructed the geographer to take other factors into consideration, the statute is not prey to invalidation by the courts on the grounds that it does not include sufficient criteria.

> Apportionment is primarily a political and legislative process. Our only role in this process is to ascertain whether a particular redistricting plan passes constitutional muster, not whether a better plan could be crafted. (Citation omitted.)

*Jensen v. Kentucky State Board of Elections,* Ky., 959 S.W.2d 771, 776 (1997).

■ The appellants also argue that the statute is unconstitutional because it requires the members of fiscal court to approve the plan as submitted. They acknowledge that as a political subdivision of the state, a fiscal court has no inherent powers and possesses only that authority bestowed upon it by the Legislature. Nevertheless, they contend that the statute violates Section 2 of the Constitution of Kentucky because it arbitrarily prevents a fiscal court from exercising *any* discretion over a matter of local concern.

■ We believe—and the appellees have agreed—that the Legislature intended that the members of an out-going governing body should not determine the districts of a newly created government. However, the Legislature did endeavor to

have the lines drawn by experts familiar with the county. The legislative intent of avoiding political gerrymandering would easily be thwarted if an incumbent fiscal court could make amendments to the map. Because the fiscal court was given no power or discretion as to the creation of the initial districts, the circuit court correctly concluded that it was not arbitrary to require fiscal court approval of the plan without permitting it to make further refinements after-the-fact. As the court stated in *Fox v. Board for Louisville and Jefferson County Children's Home*, Ky., 244 Ky. 1, 50 S.W.2d 67, 73 (1932):

> [The Legislature] may delegate discretionary power or it may likewise delegate the power shorn of the discretion, as the latter is less than the former.

The judgment of the Jefferson Circuit Court is affirmed.

JOHNSON, Judge, concurs.

DYCHE, Judge, concurs in result by separate opinion.

DYCHE, Judge, concurring in result.

I concur in the result reached by the majority. I do believe, however, that this controversy is moot, and unlikely to reoccur. The appeal should be dismissed, and no advisory opinion should be issued by this Court.