COMMONWEALTH of Kentucky, CAB-
INET FOR HEALTH AND FAMI-
LY SERVICES, Petitioner,

v.

Hon. Eleanore GARBER, Judge,
Jefferson Circuit Court,
Respondent.

B.W. and L.T., Real Parties in Interest.

Commonwealth of Kentucky, Cabinet
for Health and Family Service,
Petitioner,

v.

Hon. Jerry J. Bowles, Judge, Jefferson
Circuit Court, Respondent.

C.P. and D.J., Real Parties in Interest.

Nos. 2010–CA–001226–OA,
2010–CA–001351–OA.

Court of Appeals of Kentucky.

May 6, 2011.

Erika Saylor, Assistant Counsel, Cabinet for Health and Family Services, Louisville, KY, for petitioner.

No Response by Respondents or the Real Parties in Interest.

Before COMBS, KELLER, and VANMETER, Judges.

*OPINION AND ORDER*

VANMETER, Judge:

The Cabinet for Health and Family Services filed these original actions after two divisions of the Jefferson Family Court entered orders in domestic violence proceedings directing the Cabinet to investigate certain individuals for the risk of dependency, neglect, or abuse of children. No responses were filed to the petitions for writs of prohibition and mandamus. Having considered the petitions and having been otherwise sufficiently advised, the Court ORDERS that the petitions be GRANTED as provided in this order.

In Original Action Number 2010–CA–001226–OA, Jefferson Family Court Judge Eleanore Garber entered an order on June 15, 2010, captioned "ORDER FOR CFC TO INVESTIGATE," which stated in pertinent part as follows:

UPON THE COURT'S OWN MOTION, AND THE COURT BEING OTHERWISE SUFFICIENTLY ADVISED, IT IS HEREBY ORDERED THAT CHILD PROTECTIVE SERVICES SHALL INVESTIGATE THE ABOVE PARTIES AND INFORM THE COURT OF ITS FINDINGS.

In Original Action Number 2010–CA–001351–OA, Jefferson Family Court Judge Jerry J. Bowles entered an order on July 8, 2010, captioned "ORDER TO INVESTIGATE," which stated in pertinent part as follows:

IT IS HEREBY ORDERED that Child Protective Services shall investigate risk of neglect or abuse regarding any children in the custodial care or legal access to parties. The investigating worker shall inform the Court of its findings. Hon. Judge Jerry J. Bowles orders the presence of any assigned worker at the hearing, or a written report filed in advance by forwarding an *informal summary of your recommendations/investigative status* to the court via the e-mail or fax (below). Petr. has had child by Respondent. Child may be at risk. Petr. amended DVO to resume relationship. Resp. has orders of NC w/ other children.

The Cabinet argues that the family court acted outside its jurisdiction and also that the family court acted within its jurisdiction, but erroneously. Specifically, the Cabinet contends that the family court acted outside its jurisdiction and violated the separation of powers doctrine by ordering

an investigation, instead of reporting suspected child dependency, neglect, or abuse pursuant to KRS 620.030 and KRS 620.040. The Cabinet asserts that once it has received a report of suspected dependency, neglect, or abuse, it alone has the executive function of determining whether such report merits an investigation or an assessment of family needs.

In *Toyota Motor Mfg., Kentucky, Inc. v. Johnson,* 323 S.W.3d 646, 649 (Ky.2010), the Supreme Court of Kentucky recently reiterated the strict standards for the issuance of a writ:

> We recognize two broad classes of cases in which a writ may be properly granted. The first is when a lower court "is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court...." *Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky.2004). The second is when a "lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition [for a writ] is not granted." *Id.* Under a special subclass of the second class of writ cases, a writ may issue even absent irreparable injury to the writ-petitioner if the lower court is acting erroneously and a supervisory court believes that "if it fails to act the administration of justice generally will suffer the great and irreparable injury." *Bender v. Eaton,* 343 S.W.2d 799, 801 (Ky.1961).

■ We agree with the Cabinet that the family court exceeded its jurisdiction in ordering an investigation. KRS 620.030(1) obligates individuals, including the family court, to report the dependency, neglect or abuse of a child. *Fugate v. Fugate,* 896 S.W.2d 621, 623 (Ky.App.

1995). KRS 620.040 assigns responsibilities for action including investigation and establishes time frames. KRS 620.040(1)(b) directs the Cabinet to undertake a risk analysis to determine if an investigation or an assessment of family needs is warranted. By ordering an investigation, the family court usurped the Cabinet's executive function of determining the necessity of an investigation and, if so warranted, initiating the investigation. Section 28 of the Kentucky Constitution precludes the family court from exercising the Cabinet's executive powers. In *Vaughn v. Knopf,* 895 S.W.2d 566, 568 (Ky.1995), the Kentucky Supreme Court explicitly stated that " '[o]ur present constitution contains explicit provisions which, on one hand, *mandate* separation among the three branches of government, and on the other hand, specifically *prohibit* incursion of one branch into the powers and functions of the others.' " *Id.* at 568 (quoting *Legislative Research Comm'n v. Brown,* 664 S.W.2d 907, 912 (Ky.1984)). *See Commonwealth v. Partin,* 702 S.W.2d 51, 52–53 (Ky.App.1985) (holding district court precluded by Ky. Const. § 28 from exercising executive branch functions). The issuance of a writ of prohibition is appropriate where a court is exceeding its jurisdiction. *See Conrad v. Evridge,* 315 S.W.3d 313 (Ky.2010); *Ally Cat, LLC v. Chauvin,* 274 S.W.3d 451 (Ky.2009).

■ The Cabinet also asserts that it also is entitled to a writ on the basis that the family court is acting within its jurisdiction, but erroneously, and there is no adequate remedy by appeal and great and irreparable injury will result. Where it is claimed that the lower court is acting erroneously within its jurisdiction, it "is an absolute prerequisite" under Kentucky law that petitioner must show that no adequate remedy by appeal exists. *Newell Enterprises Inc. v. Bowling,* 158 S.W.3d 750, 754

(Ky.2005). " 'No adequate remedy by appeal' means that any injury to [the Cabinet] 'could not thereafter be rectified in subsequent proceedings in the case.' " *Independent Order of Foresters v. Chauvin,* 175 S.W.3d 610, 614–15 (Ky.2005) (citing *Bender,* 343 S.W.2d at 802). Here, the Cabinet explicitly recognized in its petition that it may subject itself to contempt proceedings; therefore, it has an adequate remedy by appeal. *See Newell Enterprises,* 158 S.W.3d 750. Likewise, we need not determine if the Cabinet's claims fit within the "certain special cases" exception for the issuance of a writ because "the exception allows a petitioner to avoid only the requirement of great and irreparable injury, not the requirement of lack of an adequate remedy by appeal. *Bender,* 343 S.W.2d at 801." *Independent Order of Foresters,* 175 S.W.3d at 617.

By ordering the Cabinet to conduct an investigation, the family court acted outside its jurisdiction and violated the separation of powers of Section 28 of the Kentucky Constitution. The petitions are therefore GRANTED to the following extent: In Jefferson Family Court, Division Five, Civil Action No. 10–D–501748–001, the family court is PROHIBITED from enforcing its June 15, 2010, order. In Jefferson Family Court, Division Six, Civil Action No. 10–D–500303–001, the family court is PROHIBITED from enforcing its July 8, 2010, order.

ALL CONCUR.